# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

MARILYN GANDY,

      Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 2:18-cv-00153-JVB-APR

## OPINION AND ORDER

Plaintiff Marilyn G. seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

### A. Overview of the Case

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI. In her application, Plaintiff alleged that she became disabled on August 26, 2014. (R. at 10.) After a hearing in 2016, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of congestive heart failure ("CHF"), deficiency anemias, and essential hypertension. (R. at 12.) The ALJ found that Plaintiff is unable to perform any past relevant work. (R. at 16.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 17–18.) Therefore, the ALJ found her to be not disabled. (*Id.*) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ erred at Step Three in failing to find Plaintiff's CHF did not meet or equal listing 4.02; the ALJ erred in weighing Plaintiff's subjective symptoms; the ALJ improperly weighed medical opinion evidence; and the ALJ erred in accepting vocational testimony regarding the availability of work.

**(1) Treating Physician**

Plaintiff argues that the ALJ erred in weighing the opinion of Dr. Surendra Paes, M.D., Plaintiff's treating physician. Dr. Paes opined that stress and anxiety contributed to the severity of Plaintiff's heart failure. (R. at 617.) Moreover, he opined that Plaintiff could walk less than one block, sit for only thirty minutes at a time, stand for only ten minutes at a time, and sit or stand for less than two hours total in the day. *Id.* Dr. Paes also opined that Plaintiff would need to take fifteen minute breaks every thirty minutes, and that she could rarely lift items under ten pounds. (R. at 618.)

The ALJ gave Dr. Paes's opinion little weight. (R. at 16.) He found that although the record supported Dr. Paes's opinion regarding Plaintiff's environmental restrictions, "the remainder of Dr. Paes's limitations are inconsistent with the normal physical examinations in the record." A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). When a treating physician's opinion is not entitled to controlling weight, an ALJ must weigh it using such factors such as: the examining relationship; the length of the treatment relationship and the frequency of

examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)–(6).

Plaintiff asserts the ALJ failed to weigh Dr. Paes's opinion using the regulatory factors, and that the ALJ's dismissal was perfunctory and lacking in any analysis. The ALJ only offered one sentence of analysis regarding Dr. Paes's opinion. (R. at 16.) While the ALJ noted that Dr. Paes was Plaintiff's treating physician, he failed to acknowledge his specialty as a cardiologist. "We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). Where the ALJ does not give more weight to a specialist opining on medical issues related to his specialty, the ALJ must explain his decision. The ALJ has failed to do so here. The ALJ failed to discuss the length and nature of the treatment relationship or the supportability and consistency of the opinion. Although the ALJ noted that Dr. Paes's limitations were inconsistent with the treatment notes, he failed to discuss which limitations were inconsistent with which treatment notes. As such, the ALJ has failed to build a logical bridge from the evidence to his conclusion that Dr. Paes's opinion deserved little weight. The Court cannot conduct meaningful review where the ALJ fails to provide adequate analysis in the decision. This error necessitates remand.

**(2) Subjective Symptoms**

Plaintiff asserts that the ALJ erred in the subjective symptom analysis. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the

evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

    (i) daily activities;

    (ii) the location, duration, frequency, and intensity of the symptoms;

    (iii) precipitating and aggravating factors;

    (iv) the type, dosage, effectiveness, and side effects of any medication taken;

    (v) other treatment received for relief of symptoms;

    (vi) any measures used to alleviate symptoms; and

    (vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995).

Plaintiff contends that the ALJ erred in the subjective symptom analysis. The ALJ found that "[d]espite the partial evidentiary support for the claimant's impairments, the record contains a number of inconsistencies, which call into question the veracity of the claimant's subjective allegations." (R. at 15.) The ALJ based this on Plaintiff's routinely normal physical examinations with no cardiac abnormalities, as well as the fact that she discontinued her medication for a few years after her initial diagnosis in 2008. (*Id.*) The ALJ also relied on walking tests from October 2014 through March 2015. *Id.* Plaintiff asserts that the ALJ cherrypicked evidence in his determination.

While the ALJ noted Plaintiff's non-compliance with medication, he failed to acknowledge or discuss why Plaintiff was non-compliant with her medications prior to 2014. Plaintiff was living in Barbados during that time, and she told her physician that she felt better

5

while living in Barbados. (R. at 327.) Since returning to the United States, Plaintiff began complaining of fatigue and tightness in her chest. (*Id.*) The ALJ did not note any medication non-compliance after Plaintiff returned to the United States. The ALJ did not ask Plaintiff why she did not take her medications, nor did he explore whether Plaintiff continued to be non-compliant after 2014. An ALJ may not draw any inferences "about a claimant's condition from this failure [to follow a treatment plan] unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). The ALJ may not use medication noncompliance to discredit Plaintiff's subjective symptoms allegations if he does not explore the possible explanations for Plaintiff's noncompliance.

The ALJ erred in the review of Dr. Paes's opinion as discussed above. Dr. Paes's opinion and treatments notes are consistent with Plaintiff's subjective symptoms. Dr. Paes gave Plaintiff a poor prognosis due to her advanced heart failure, and opined that if Plaintiff did not show improvement, she should be considered for a heart transplant. (R. at 610–12.) Such an opinion is consistent with Plaintiff's allegations regarding her symptoms. Since the ALJ erred in weighing Dr. Paes's opinion, the ALJ must also revisit Plaintiff's subjective symptoms.

**(3) Other Issues**

Plaintiff also asserts that the ALJ erred in evaluating listing 4.02 and in accepting the VE's testimony. The ALJ erred in weighing medical opinions and in considering Plaintiff's subjective symptoms. A proper consideration of both may alter the VE's testimony. On remand, the ALJ will have the opportunity to reexamine listing 4.02 and the VE's testimony.

**(E) Conclusion**

The ALJ erred in weighing Dr. Paes's opinion and in analyzing Plaintiff's subjective symptom allegations. For these reasons, the Court remands the case for further consideration.

SO ORDERED on July 15, 2019.

                                                  s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE